UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TY JESSE MYNATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02759-JPH-TAB |
| | ) |
| MICHELLE LEE WALL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Ty Jesse Mynatt has filed a complaint against attorney Michelle Lee Wall, asserting constitutional claims. Dkt. 1.

Mr. Mynatt has also filed a motion to proceed *in forma pauperis*. Dkt. [2]. The Court **GRANTS** this motion to the extent that Mr. Mynatt pays a $21.42 initial partial filing fee **by December 1, 2020**, as discussed below.

However, after screening the complaint, the Court determines that it must **DISMISS** the complaint for failure to state a claim. Mr. Mynatt has **until December 1, 2020** to show cause why judgment consistent with this order should not issue.

**I.**
**Motion to Proceed *In Forma Pauperis***

Mr. Mynatt's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED** to the extent that he is assessed an initial partial filing fee of $21.42. *See* 28 U.S.C. § 1915(b)(1) (required "if a prisoner brings a civil action . . . *in forma*

1

*pauperis*").  He shall have **through December 1, 2020** to pay this initial partial filing fee to the clerk of the district court.

After Mr. Mynatt has paid the initial partial filing fee, he will have to make monthly payments based on the income credited to his prison account. 28 U.S.C. § 1915(b)(2).  Each month, Mr. Mynatt will have to pay 20 percent of the preceding month's account income until he has paid the full filing fee of $350.00.  *Id.*  Mr. Mynatt's account custodian will forward these payments to the clerk of the Court each time his account exceeds $10.00.  *Id.*  After the Court receives the initial partial filing fee, it will issue a collection order to Mr. Mynatt and to his custodian.

## II.
## Screening Order

The Court must dismiss any claim that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  In screening a complaint, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### A. Complaint

Mr. Mynatt asserts that his attorney, Michelle Lee Wall, "violated multiple of [his] constitutional rights of 'Due Process' by showing 'bias, prejudice, and retaliation.'" Dkt. 1 at 2. To support this conclusion, he claims that Ms. Wall (1) refused "to file any motion [he] he asked her to," (2) "set a jury trial without [his] approval," (3) "denied [him his] rights to a fair and honest counsel" because of her "complete inefectiveness [sic] and a conflict between [their] ideas." *Id.* Mr. Mynatt also alleges that she violated various constitutional provisions. *See id.* at 2–3 (citing U.S. Const. art. I, § 9; *id.* amend. V; *id.* amend. VI; *id.* amend. VIII; *id.* amend. XIV).[1]

For these claims, Mr. Mynatt seeks (1) $250,000 in damages, (2) "repr[i]mand of Michelle Lee Wall," (3) "revocation and/or suspension of Michelle Lee Wall's license to practice law," (4) punitive damages, and (5) "all other relief deemed proper and just." Dkt. 1 at 4.

---

[1] Mr. Mynatt also cites violations of "Article 1, section 13" and "Article 1, section 16." Dkt. 1 at 2. The U.S. Constitution, however, does not contain these sections. The Court assumes that Mr. Mynatt intended these citations to support *state* constitutional claims. *See* Ind. Const. art. I, §§ 13, 16. Because the Court dismisses Mr. Mynatt's federal claims, it declines to exercise supplemental jurisdiction over these possible state constitutional claims. *See* 28 U.S.C. § 1367(c)(3); *Bell v. City of Country Club Hills*, 841 F.3d 713, 718 (7th Cir. 2016) ("[T]o the extent [plaintiff] is seeking a remedy for state constitutional violations, she would need to raise her claim in state court, as the district court here relinquished supplemental jurisdiction over any such claim.").

### B. Discussion

It appears that Mr. Mynatt seeks damages and other relief under 42 U.S.C. § 1983. "State action is an element of any claim under § 1983." *Abatangelo v. Wells Fargo Bank, N.A.*, 719 F. App'x 520, 524 (7th Cir. 2017). But Mr. Mynatt has not shown state action. He has not alleged that Ms. Wall acted under color of state law. *See* 42 U.S.C. § 1983. "Whether privately retained or appointed by a court, lawyers do not act under color of law merely by representing their clients." *Hefley v. Bruch*, 276 F. App'x 506, 507 (7th Cir. 2008). "[B]ecause a court-appointed public defender is not a state actor," she "cannot be sued under 42 U.S.C. § 1983." *McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012). Without showing state action on his constitutional claims, Mr. Mynatt's complaint must be **DISMISSED** for failure to state a claim. Mr. Mynatt shall have through **December 1, 2020** to show cause why judgment consistent with this order should not issue. See *Thomas v. Butts*, 745 F.3d 309, 313 (7th Cir. 2014) (Court must "first fir[e] a warning shot" before dismissing a complaint). Failure to do so in the time allotted will result in dismissal of this action without further notice.

### III.
### Conclusion

For the reasons discussed above, the Court **GRANTS** Mr. Mynatt's motion to proceed *in forma pauperis*, dkt [2], to the extent Mr. Mynatt pays the initial partial filing fee **by December 1, 2020**. However, after screening the complaint, the Court determines that it must **DISMISS** the complaint for

failure to state a claim.  Mr. Mynatt has **until December 1, 2020** to show cause why judgment consistent with this order should not issue.

**SO ORDERED.**

Date: 10/30/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TY JESSE MYNATT
714543
MARION COUNTY JAIL II
MARION COUNTY JAIL II
Inmate Mail/Parcels
730 East Washington Street
Indianapolis, IN 46202