UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TY JESSE MYNATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02759-JPH-TAB |
| | ) |
| MICHELLE LEE WALL, | ) |
| | ) |
| Defendant. | ) |

**ORDER OF DISMISSAL**

Plaintiff Ty Jesse Mynatt has filed a complaint against attorney Michelle Lee Wall, asserting constitutional claims. *See* dkt. 1. After screening this complaint, the Court determined that it failed to state a claim and ordered Mr. Mynatt to show cause why it should not be dismissed. Dkt. 4 at 4–5. Mr. Mynatt filed a "Motion to Amend/Add to Complaint," dkt. [5], which the Court construes as a response to its show-cause order. Because Mr. Mynatt's filing still does not show that his complaint states a claim, the Court **DENIES** the motion to amend and **DISMISSES** his complaint.

**II.
Analysis**

Mr. Mynatt brought a 42 U.S.C. § 1983 claim against his former attorney, Michelle Lee Wall, alleging that she "violated multiple of [his] constitutional rights of 'Due Process' by showing 'bias, prejudice, and retaliation.'" Dkt. 1 at 2. However, the Court's screening order concluded that Mr. Mynatt's complaint had not alleged that Ms. Wall acted under color of state law as required. Dkt. 4 at 4 (citing *Abatangelo v. Wells Fargo Bank, N.A.*, 719

1

F. App'x 520, 524 (7th Cir. 2017) ("State action is an element of any claim under § 1983.")).

In his response, Mr. Mynatt claims that his complaint alleged an "act of conspiracy and collusion to deprive" him "of his constitutional rights under the . . . color of law." Dkt. 5 at 1. To support this conclusion, he alleges that Ms. Wall "threatened [him] into signing a Plea-Bargain" by stating that she had "worked for the Judge for [the] past 20 years and [he] better sign this plea bargain." *Id.*

"To establish § 1983 liability through a conspiracy" against a private actor, "a plaintiff must establish that: (1) a state official and private individual[] reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individuals were willful participants in joint activity with the State or its agents." *Logan v. Wilkins*, 644 F.3d 577, 583 (7th Cir. 2011). But Mr. Mynatt has not alleged an "understanding" between Ms. Wall and any state actor, let alone "willful" participation in a "joint activity." *See id.* Ms. Wall's alleged statement about her employment history cannot support a finding that Ms. Wall acted within a state conspiracy. Even if Ms. Wall's alleged past employment affected her decision to urge Mr. Mynatt to sign the plea agreement, that is not enough to allege a conspiracy under § 1983. *See Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir. 1980) ("Mere conjecture that there has been a conspiracy is not enough to state a claim."); *Murray v. Carlson*, No. 4:11-CV-42-SEB-TAB, 2013 WL 5874740, at *4 (S.D. Ind. Oct. 30, 2013) ("[A]n allegation merely using the term 'conspiracy,'

cannot, absent reference to material facts, survive a motion to dismiss."). Without plausibly alleging state action on his § 1983 claims, Mr. Mynatt's complaint must still be **DISMISSED** for failure to state a claim.

### III.
### Conclusion

For the reasons discussed above, the Court **DENIES** Mr. Mynatt's motion, dkt [5], and **DISMISSES** his complaint. Final judgment shall issue in a separate entry.

**SO ORDERED.**

Date: 12/4/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TY JESSE MYNATT
714543
MARION COUNTY JAIL II
MARION COUNTY JAIL II
Inmate Mail/Parcels
730 East Washington Street
Indianapolis, IN 46202